**THE CLEARY #54.**

**THE ROSE REICHERT.**

**THE NASSAU.**

**CLEARY BROS., Inc., v. THE ROSE REICHERT.**

No. 16595.

District Court, E. D. New York.

March 9, 1943.

Foley & Martin, of New York City (Bernard L. Young, Jr., of Yonkers, of counsel), for libellant Cleary Bros. Inc.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel), for respondent the Rose Reichert.

Crawford & Sprague, of New York City (H. Victor Crawford, of New York City, of counsel), for respondent ferryboat the Nassau.

INCH, District Judge.

This is a collision between a ferryboat and a barge in tow of a tug.

The ferry left the slip on the New Jersey side of the North River bound for its slip on the New York side. The weather was clear. There was a northeasterly wind blowing and the tide was flood.

The ferry proceeded in a slightly diagonal direction to the New York side, as its slip on the New Jersey side was somewhat above the New York slip.

As the ferry approached the middle of the stream and had duly passed another ferry with an exchange of one whistle, its pilot saw coming up the river about the middle but slightly to the New Jersey side, the tug "Reichert", which was towing the barge "Cleary" on a hawser of approximately 150 feet.

The pilot of the ferry blew no whistle to this tug "Reichert" as the tug was on his starboard side, and there was no apparent danger from a starboard to starboard passage. However, as the tug "Reichert"

and her tow continued to approach, the somewhat inexperienced pilot of the tug decided to cross the bow of the ferry and thus attempt a port to port passage.

To a prudent and reasonably experienced pilot, the effect of this flood tide on a barge being towed by a hawser would be apparent, unless the tow line was kept taut.

It is plain that reasonable care in the circumstances would at once suggest to the pilot of the ferry that such a passage of a tug and tow would be dangerous, but instead of blowing an alarm at this tug "Reichert", the pilot of the ferry carelessly agreed to this attempted passage and blew a one whistle signal. Both vessels then tried to make this passage. The ferry did get by the tug, but the tug in executing this maneuver allowed the tow line to slack and the flood tide acting on the barge caused it to swing out toward the port of the tug, and toward the ferry and a collision occurred between the ferry and barge.

It seems clear to me that both the pilot of the ferry and the pilot of the tug "Reichert" were jointly negligent and that the damages sustained by the barge were the direct result of such joint negligence.

A decree should be entered in favor of libellant against the tug Reichert and the ferryboat Nassau for this joint negligence with costs and the usual order of reference.